UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12817-GAO

DEBRA W. GEORGE,
Plaintiff,

v.

KELSEY ANN GEORGE, as Personal Representative of the Estate of Raymond George, Jr., and
NEW YORK LIFE INSURANCE COMPANY,
Defendants.

and

NEW YORK LIFE INSURANCE COMPANY,
Third-Party Plaintiff,

v.

DEBRA GEORGE, KELSEY ANN GEORGE, as Personal Representative of the Estate of
Raymond George, Jr., and MARIA M. MATRACIA,
Third-Party Defendants.

OPINION AND ORDER
May 28, 2014

O'TOOLE, D.J.

The plaintiff, Debra George, brought suit in the Massachusetts Probate and Family Court for a declaration that she is entitled to the proceeds of a life insurance policy, naming the insurer, New York Life Insurance Co., and Kelsey Ann George, the appointed personal representative of the estate of the decedent insured. New York Life removed the case to this Court, relying on 28 U.S.C. §§ 1441 and 1446 and claiming subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). Following the removal New York Life answered and filed a counterclaim and third party complaint against other potential claimants, both in the nature of interpleader. At the scheduling

conference held on February 24, 2014, I questioned whether this Court properly could exercise subject matter jurisdiction over the action and invited input from the parties. After reviewing the parties' submissions and relevant statutes and case law, I conclude that this Court does not have subject matter jurisdiction over this case and that it must be remanded to state court.

New York Life's error consists in thinking that diversity of citizenship between it and all the claimants can furnish the basis for diversity jurisdiction. The flaw is that jurisdiction "is determined based on the state of the complaint at the time of removal." Magerer v. John Sexton & Co., 912 F.2d 525, 529 (1st Cir. 1990). "[The defendant] must prove that federal jurisdiction existed at the time of removal." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).

Removal was premised on diversity jurisdiction which requires complete diversity of citizenship between all plaintiffs and all defendants. See Strawbridge v. Curtiss, 7 U.S. 267 (1806); Am. Fiber & Fin., Inc. v. Tyco Healthcare Group, L.P., 362 F.3d 136, 139 (1st Cir.2004). When this case was removed the complaint asserted claims by plaintiff Debra George, a Massachusetts citizen, against defendants New York Life, a New York citizen, and Kelsey Ann George, a Massachusetts citizen, as personal representative of the estate of Raymond George, Jr., (who was also a Massachusetts citizen). The presence of Massachusetts citizens on both sides of the action prevented there from being complete diversity of citizenship.

The fact that the present controversy might have been framed differently in litigation as an interpleader action, with New York Life the plaintiff and the Massachusetts potential claimants all defendants, does not change things, because what is assessed is the plaintiff's complaint, not some hypothetical one. Similarly, New York Life's counterclaim in the nature of interpleader is irrelevant to the removal question, again because a defendant's right to removal is assessed at the time of removal and on the basis of the plaintiff's pleading.

2

I conclude that the action was improperly removed on the basis of diversity jurisdiction, and it is REMANDED to the Probate and Family Court, Bristol Division.

It is SO ORDERED.

                                                           /s/ George A. O'Toole, Jr.
                                                           United States District Judge